Plaintiff alleged that the defendant, Southern Home Insurance Company, "issued its fire insurance contract upon one of the buildings of *Page 147 
plaintiff. . . for the sum of $400, and that said policy by mutual mistake named the North Carolina Joint Stock Land Bank of Durham, North Carolina, beneficiary in the policy, whereas it was intended that the Atlantic Joint Stock Land Bank of Raleigh should have been named beneficiary in said policy as the plaintiffs were indebted to said bank in Raleigh and not to the bank in Durham. . . . That a pack barn was burned on 29 August, 1930, and that the defendant company had refused to settle the claim."
It was further alleged that the agents of defendant Insurance Company had wrongfully attempted to settle the claim without the knowledge of plaintiffs, and that said agents of defendant "have otherwise tried to injure and slander the plaintiffs and their good names and reputation in the community where they live and elsewhere by circulating slanderous reports," etc. It is further alleged that the plaintiffs have been damaged in the sum of $100 "on account of expense and trouble that the plaintiffs have had to go to and expend on account of said breach . . . all on account of the carelessness and the common and dishonest business methods and conduct of the defendants," etc.
The defendants demurred to the complaint upon the following grounds:
1. That there was a defect of parties plaintiffs in that the Atlantic Joint Stock Land Bank of Raleigh should have been made a party to the action, and that the plaintiff administrator was not the real party in interest.
2. That there was a misjoinder of causes of action.
3. That the complaint does not set out a cause of action.
The demurrer was sustained and the plaintiff appealed.
No copy of the insurance policy was attached to the complaint, and there is no allegation tending to show the relationship of the plaintiffs to the cause of action or that they are the real parties in interest. The plaintiff, Henry Simons, sues as administrator of Bettie A. Simons. It does not appear that he was ever qualified as administrator or what connection Bettie A. Simons had with the case. Moreover, causes of action to reform an insurance contract and recover thereon is joined with allegations of slander and careless business methods.
An inspection of the complaint warrants the judgment sustaining the demurrer.
Affirmed. *Page 148